Muñoz, Recurrente, v. El Registrador de San Juan, Sección Primera, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 1ª., denegando la inscripción de ciertas casas.

No. 272.—Resuelto en marzo 30, 1916.

Inscripción de Edificios—Edificaciones—Cosa Accesoria.—El edificio se considera como accesorio del suelo y por consiguiente inscrito el suelo en el registro debe considerarse también inscrito el edificio en él construído.

Id.—Expediente Posesorio—Transferente—Nuevo Contrato.—Inscrito un terreno no es necesario formar expediente posesorio para inscribir un edificio que en él se levante y el hecho de no aparecer inscrito el edificio a favor del transferente del suelo no es razón para suspender la inscripción de un nuevo contrato.

Id.—Edificaciones Nuevas en Fincas ya Inscritas—Cosa Accesoria—Posesión.—Cuando se edifique sobre el solar inscrito se considerará inscrito el edificio como accesorio de aquél, por lo que es innecesario inscribir un edificio nuevamente construído sobre solar ya inscrito ni tampoco acreditar su posesión.

Id.—Edificaciones Nuevas en Fincas ya Inscritas—Forma Propia para Hacerlas Constar — Escritura Pública. — Aunque la inscripción del edificio construído sobre solar ya inscrito, es innecesaria, no hay razón que oponer al propietario que después de construir un edificio sobre fundo inscrito tiene la voluntad de registrarlo a su nombre, y la forma natural propia de estos actos unilaterales es por escritura pública en la que se haga constar que ante el notario ha comparecido el dueño manifestando que ha mandado levantar en su fundo el edificio que describe y que quiere que sea inscrito en el registro.

Id.—Venta—Inscripción Previa—Revocación de la Nota.—En este caso el suelo estaba inscrito. Su dueño lo vendió haciendo constar en la escritura la existencia de dos casas describiéndolas debidamente. El registrador se negó a consignar la venta de las casas por no aparecer previamente inscritas a favor del vendedor, y la corte con arreglo a los principios anteriormente consignados revocó la nota del registrador.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Pedro Amado Rivera.*

El registrador recurrido, Sr. José S. Belaval, no compareció.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El presente es un recurso gubernativo en el que está envuelta la cuestión de cómo deben hacerse constar en el registro las edificaciones nuevas en fincas ya inscritas.

El 1 de febrero de 1916 se otorgó ante el Notario P. Amado
Rivera por los Sres. A. Sarmiento, J. López, F. Almiroty y
M. Muñoz, una escritura de carta de pago y cancelación de
hipoteca, compraventa y constitución de otra hipoteca.  De
la escritura resulta que dueño Almiroty de tres solares con
casas construídas en ellos, los hipotecó a ciertas personas
representadas por los Sres. Sarmiento y López.  Pagó el
préstamo garantizado y los acreedores cancelaron la hipoteca.
En el mismo acto Almiroty vendió una de las fincas, solar con
dos casas, al recurrente Muñoz, e hipotecó las otras a favor
de cierta persona representada por el compareciente López.
En el documento se describen las dos casas edificadas sobre el
solar vendido.

Presentada la escritura en el registro por el comprador
Muñoz, el registrador hizo las cancelaciones e inscribió la
venta sólo en cuanto al solar, denegándola en cuanto a las
casas por no aparecer inscritas a nombre del vendedor, ni de
ninguna otra persona.  El comprador interpuso entonces el
presente recurso gubernativo.

A nuestro juicio el registrador no debió haberse negado a
consignar la venta de las casas en los libros del registro.

Ni la Ley Hipotecaria ni su reglamento determinan qué
debe hacerse en un caso semejante.  De ahí que deba acudirse
a los principios generales del derecho para resolver la cuestión
planteada.

Que lo accesorio sigue a lo principal, es una regla de antaño
conocida, y que el edificio se considera como accesorio del
suelo, está aceptado repetidamente por la jurisprudencia.
De ahí que se haya decidido muchas veces que inscrito el
suelo en el registro debe considerarse también inscrito el
edificio construído sobre él.

Inscrito un terreno, resolvió la Dirección General de los
Registros en 22 de agosto de 1863, no es necesario formar
expediente posesorio para inscribir un edificio que en él se le-
vante; por lo tanto, el no aparecer inscrito a favor del transfe-
rente del suelo, no es razón para suspender la inscripción del

nuevo contrato.  Odriozola, Jurisprudencia Hipotecaria, 398.

"Cuando se edifique sobre solar inscrito," dijo la misma Dirección en su resolución de 31 de agosto de 1863, "se considerará inscrito el edificio como accesorio de aquél."  Odriozola.  Jurisprudencia Hipotecaria, 398.

De acuerdo con las resoluciones de la Dirección General de los Registros de España de 21 y 31 de agosto de 1863, reconoció esta Corte Suprema en *Sánchez & Cía.* v. *El Registrador,* 16 D. P. R. 441, no es necesario inscribir un edificio nuevamente construído sobre solar ya inscrito, ni tampoco acreditar su posesión, porque el edificio es cosa accesoria al suelo, e inscrito éste debe considerarse inscrito el edificio.

En el caso de *Martín et el.* v. *Registrador de Arecibo,* 22 D. P. R. 149, esta corte distinguió el caso de la inscripción de un edificio levantado en suelo propio de aquel en que se construya en suelo ajeno, y sostuvo que en el primero de ellos el edificio pertenece al dueño de acuerdo con el principio de que lo accesorio sigue a lo principal no siendo, por tanto, necesaria la inscripción especial del edificio.  Véase también *Marcos* v. *El Registrador,* 19 D. P. R. 244.

Ahora bien, en muchas ocasiones, para mayor claridad, los propietarios del suelo inscrito que levantan en él nuevas edificaciones solicitan la inscripción de éstas en el registro y para ello se han adoptado diferentes métodos.  La Dirección General de los Registros en su resolución de 20 de mayo de 1895, dijo que aunque la inscripción del edificio construído sobre solar ya inscrito es innecesaria, por lo cual fuera lo más acertado acabar con la práctica de inscribir las edificaciones desligadas de todo contrato o relación de derecho es lo cierto que tal práctica está muy generalizada, señaladamente en las grandes poblaciones, y que no hay razón que oponer al propietario que después de construir un edificio sobre fundo inscrito tiene la voluntad de registrarlo a su nombre, y la forma notarial propia de estos actos unilaterales es la escritura pública en la que se haga constar que ante el notario ha comparecido el dueño, manifestando que ha mandado

levantar en su fundo el edificio que describe y que quiere que sea inscrito en el registro, sin que sea inscribible en forma de acta notarial. Véase Odriozola, Jurisprudencia Hipotecaria, 400. Para tal caso Galindo recomienda que se inserte en la escritura de declaración la certificación del arquitecto que construyera la obra. Véase: 1, Galindo, Legislación Hipotecaria, 360.

Pero el caso que estamos considerando y resolviendo no es igual exactamente a aquel de qué se trata en el párrafo que precede. Aquí el suelo estaba inscrito y por un acto posterior el dueño del suelo lo vende con dos casas—describiéndolas—edificadas en él. De acuerdo con los principios que dejamos establecidos, las casas pertenecían claramente al dueño del terreno y dicho dueño sólo estaba obligado a describirlas para hacer constar su transferencia como accesiones del suelo en el registro. A este respecto, Galindo se expresa como sigue:

"Para nosotros no cabe duda: sentado ya que siendo el edificio accesorio del suelo, e inscrito éste, no es necesaria la inscripción de aquél, no exigiéndose para la enajenación del edificio más que la escritura de declaración y descripción hecha por el dueño, no ha de exigirse más para hacer constar su construcción." 1, Galindo, Legislación Hipotecaria, 360.

Y Martínez Moreda, dice:

"Hay registradores que se conforman con una escritura de descripción otorgada por el dueño, otros exigen además certificación del arquitecto y a otros les basta solamente ésta. Creemos que también podría hacerse la inscripción por medio de una información judicial. En todos estos casos se podrán inscribir los documentos, haciendo constar en el asiento como circunstancias modificativas de la descripción de la finca; *también puede esperarse a que haya de inscribirse un título posterior referente a la finca inscrita, describiendo entonces la edificación o plantación. Creemos mejor este último medio de hacer constar en el registro las accesiones, porque se cuenta con la conformidad del otorgante que adquiere, cuyo testimonio viene a fortalecer el del dueño.*" (Las itálicas son nuestras.) 1, Martínez, Legislación Hipotecaria, 33.

Por virtud de todo lo expuesto, opinamos que debe revocarse la nota recurrida y ordenarse al registrador que verifique la inscripción solicitada.

> *Revocada la nota en la parte recurrida y ordenada la inscripción solicitada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.