Rodríguez, Recurrente, v. El Registrador de Mayagüez, Recurrido.

Recurso Gubernativo contra nota del Registrador de la Propiedad de Mayagüez denegando la inscripción de una escritura de venta.

No. 349.—Resuelto en diciembre 24, 1917.

Inscripción de Títulos—Compraventa—Estado de Derecho Creado por Inscripciones Anteriores.—Un registrador no debe denegar la inscripción de una escritura de venta otorgada por el dueño de la finca según el registro fundado en que habiendo denegado la subsanación de un defecto consignado en la inscripción a favor del vendedor o sea por la que adquirió la finca que trasmite al comprador, adolece la adquisición de un vicio de nulidad que incapacita al dicho vendedor para trasmitirla, pues el estado de derecho creado por inscripciones anteriores debe ser respetado hasta que sea modificado de algún modo conocido en derecho. La tentativa de un registrador de pasar sobre la validez de otro instrumento ya inscrito, constituye una arrogación de la privativa facultad de los tribunales.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Angel A. Vázquez.*

El registrador recurrido, Sr. Rafael Tirado Verrier, compareció en nombre propio.

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

En el 1909 se inscribió una escritura otorgada por un apoderado en el Registro de la Propiedad de Mayagüez con un defecto subsanable consistente en que el poder no se acompañó ni copió en escritura de venta.

En el caso reciente de *Agostini* v. *El Registrador,* esta corte confirmó una nota del registrador en la que se sostenía que un poder sometídole para subsanar el defecto en cuestión era defectuoso e insuficiente para los fines indicados por cuanto en el mismo no se identificaba claramente la descripción de la finca a que el mismo se contraía.

El presente recurso ha sido interpuesto contra una nota denegando la inscripción otorgada por la dueña de la finca según el registro, "porque habiéndose denegado la subsanación del defecto consignado en la inscripción 8ª. de la finca de que se trata, o sea por la que adquirió la vendedora la finca que transmite al comprador, por no considerarse bastante el poder otorgado por la causante de la Señora Agostini y Maristany ni rectificado por el *affidavit* con que se acompañó dicho poder, según la nota marginal de la inscripción citada, adolece la adquisición de la vendedora Señora Agostini y Maristany de un vicio de nulidad que incapacita a dicha señora para transmitir a su vez la propia finca."

En el caso de *Sucesión Blanco* v. *El Registrador,* 16 D. P. R. 67, al presentarse copias certificadas de una sentencia y una orden, se cancelaron ciertos asientos sujetos al defecto subsanable por no aparecer que la sentencia que ordenaba la cancelación fuera firme. La subsanación de este defecto fué denegado posteriormente porque el certificado demostrativo de que la sentencia era firme mostraba a su vez que no lo fué en realidad de verdad al tiempo de la inscripción verificada en virtud del mismo, calificando así el registrador nula y sin efecto legal alguno la cancelación de la inscripción. Esta corte sostuvo entonces que el estado de derecho creado por inscripciones una vez verificadas debe ser respetado hasta que fuese modificado de algún modo conocido en derecho, que el registrador debió concretarse a determinar si se

subsanaba o no con el documento presentado a su consideración el defecto anotado en la inscripción y que la tentativa de pasar sobre la validez de otro instrumento ya inscrito constituía una arrogación de la privativa facultad de las cortes.   Aquella decisión se basó en una expresa disposición legal aún vigente y que se transcribe literalmente en la opinión.

En el presente caso tanto el recurrente como todo el mundo tenían conocimiento por el registro no sólo de que el título inscrito de la vendedora está sujeto a un defecto subsanable, sino además de que ha fracasado la tentativa que se hizo para subsanarlo.   La validez del título de la vendedora, según aparece del poder a que se contrae el caso de *Agostini* v. *El Registrador* y por la anotación a que el mismo se refiere, depende de una cuestión de identidad de determinada finca vendida por un apoderado y no de una cuestión de capacidad del apoderado para transmitir, como lo arguye el registrador.   El defecto puede ser subsanado en cualquier tiempo por escritura pública que demuestre que la casa a que se contrae el poder es la misma casa vendida por el apoderado y que ahora después de revendida trata de inscribirse a nombre del recurrente.   Nos parece que es suficiente notificación para todas las personas que tengan algo que ver con la finca que puede que sean distintos los hechos y que cuando menos la cuestión está abierta a la duda.   Puede muy bien concebirse que precisamente casos como el presente, en que todas las partes interesadas al parecer conocen los hechos y prefieren que permanezca un defecto técnico en el título inscrito antes de tener que pasar por la molestia y gastos que ocasionan la subsanación inmediata, estuvieron en la mente del legislador cuando con el fin de evitar innecesarios inconvenientes, dificultades o dilaciones ordenó que "los registradores no suspenderán por defectos subsanables la inscripción, anotación o cancelación de ningún título," y que "en la inscripción harán constar los defectos que contenga el título y en cualquier tiempo que se presente la docu-

mentación para subsanarlo, se hará constar la subsanación por medio de nota marginal.''

La calificación del registrador debe ser revocada y devolverse el caso con instrucciones para que inscriba la escritura en cuestión con el defecto subsanable mencionado en las precedentes inscripciones.

*Revocada la nota recurrida y ordenada la inscripción solicitada.*

Jueces concurrentes: Sres. Asociados Wolf y del Toro.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.