## SUCESORES DE SANTOS ALONSO, S. EN C., RECURRENTES *v.* EL REGISTRADOR DE SAN JUAN, SECCIÓN 1ª., RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 1ª., denegando la inscripción de una hipoteca.

No. 395.—Resuelto en diciembre 23, 1918.

BIEN GANANCIAL—BIEN PRIVATIVO—EDIFICIO CONSTRUÍDO DURANTE EL MATRIMONIO EN SUELO PROPIO DE UNO DE LOS CÓNYUGES.—De acuerdo con el artículo 1319 del Código Civil, un solar que ha sido adquirido por uno de los cónyuges antes del matrimonio, dejó de ser un bien privativo para convertirse en bien ganancial cuando, ya celebrado el matrimonio, la sociedad de gananciales fabrica en él un edificio; y es innecesaria la inscripción especial de éste, para inscribir hipoteca constituída sobre casa y solar por ambos consortes.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Francisco Soto Gras.*

El registrador recurrido, Sr. Rafael Tirado Verrier, no compareció.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Por escritura otorgada en esta ciudad de San Juan en 29 de agosto de 1918 ante el notario Francisco Soto Gras, los consortes Gerardo Medina Casanova y Catalina Secundina Ríos constituyeron hipoteca a favor de la sociedad mercantil Sucesores de Santos Alonso, S. en C., sobre un solar y casa en él edificada, barrio de Santurce, para garantizar el pago de $900 que dicha sociedad facilitó a aquellos consortes en calidad de préstamo. El solar había sido adquirido por Gerardo Medina Casanova en estado de soltería, y la casa, después de celebrado su matrimonio con Catalina Secundina Ríos a expensas y con peculio de la sociedad conyugal.

Presentada la escritura en el registro de la propiedad para su inscripción, el registrador estampó en ella la siguiente nota:

"Inscrita la hipoteca que comprende este documento, únicamente en cuanto al solar, al folio 109 vto., tomo 3°. de Santurce Sur, finca No. 100, inscripción 2ª., y denegada la inscripción en cuanto a la casa, porque resultando que pertenece a la sociedad conyugal, personalidad distinta del marido, dueño del terreno, debe inscribirse dicha casa previamente a favor de tal sociedad conyugal, operación que no se ha verificado ni solicitado; habiéndose tomado en su lugar anotación preventiva por el término legal en el mismo asiento. San Juan, 25 de octubre de 1918, el registrador, Rafael Tirado Verrier."

Esa nota está sometida a nuestra consideración a virtud de recurso gubernativo contra ella interpuesto por la sociedad mercantil acreedora.

Como lo revela la simple lectura de la nota recurrida, fúndase ésta en que el solar y casa en él edificada pertenecen a dos entidades distintas, a saber, el solar al esposo Medina Casanova, y la casa en él edificada a la sociedad conyugal constituída por él y su esposa Catalina Secundina Ríos.

No existe dualidad alguna en el dominio del suelo y de la edificación, pues el artículo 1319 del Código Civil establece que serán bienes gananciales los edificios construídos du-

rante el matrimonio en suelo propio de uno de los cónyuges, abonándose el valor del suelo al cónyuge a quien pertenecía.

El solar de que se trata fué en efecto un bien privativo de Gerardo Medina Casanova, por haberlo adquirido antes de su matrimonio con Catalina Secundina Ríos; pero dejó de serlo, convirtiéndose en ganancial, cuando ya celebrado el matrimonio, la sociedad de gananciales fabricó en él la casa. *Matheu* v. *Murillo et al.*, 25 D. P. R. 329.

Perteneciendo hoy, como pertenecen, por mandato imperativo de la ley, el solar y casa hipotecados a un mismo dueño, o sea a la sociedad de gananciales Medina-Ríos, se hace innecesaria la inscripción previa del edificio. *A. Sánchez & Co. S. en C.*, v. *El Registrador de San Germán*, 16 D. P. R. 441; *Marcano* v. *El Registrador de Caguas*, 20 D. P. R. 562; y *Martín et al.* v. *El Registrador de Arecibo*, 22 D. P. R. 149.

Por las razones expuestas es de revocarse la nota del registrador de San Juan, Sección 1ª., en la parte en que ha sido recurrida, ordenando se verifique la inscripción denegada.

*Revocada la nota en la parte recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.