Martínez, Recurrente, *v.* El Registrador de Mayagüez, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Mayagüez denegando la inscripción de la venta de una finca rústica.

No. 579.—Resuelto en diciembre 5, 1923.

Inscripción — Calificación de Títulos — Registradores; Facultades de los Mismos.—Presentada una escritura solicitando la inscripción de una de las

varias fincas gananciales vendidas por el esposo por sí y como apoderado de la esposa, y no apareciendo que dicha escritura haya sido inscrita anteriormente, sino relacionada en la inscripción de cierta finca, el registrador no está impedido al examinar la escritura de venta, de calificar la suficiencia del mandato, aunque éste aparezca haber sido relacionado en anteriores inscripciones de una finca. El impedimento de nueva calificación a que se refiere la resolución de este tribunal en el caso de *Gerena v. El Registrador,* 26 D. P. R. 87, es para documentos ya inscritos.

ID.—BIENES GANANCIALES—PODER EXPRESO PARA VENDER BIENES GANANCIALES.— Un poder en que la esposa faculta al marido para vender cualquiera clase de bienes, sin especificar los gananciales, no autoriza al apoderado para vender los bienes gananciales de la esposa.

ID.—ID.—ID.—Haciéndose la venta de inmuebles gananciales bajo la vigencia del Código Civil Revisado, el mandato expreso de la esposa es necesario aún cuando el matrimonio se hubiera contraído estando vigente el Código Civil Español.

Los hechos están expresados en la opinión.

El propio recurrente compareció por sí mismo.

El registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Se solicitó del Registrador de la Propiedad de Mayagüez la inscripción de la venta que don Víctor P. Martínez, por sí y por su esposa, hizo en la escritura núm. 127 de 12 de julio de 1915 de una finca rústica reseñada con la letra B perteneciente a la sociedad conyugal de ambos, pero el registrador la negó por el siguiente motivo.

"Denegado este documento, con vista de un poder, por no tener dicho poder facultades suficientes para enajenar bienes gananciales, y tomada anotación preventiva por 120 días, a los efectos legales, al folio 122 vto. del tomo 15 de Las Marías, finca No. 673, anotación letra A, con el defecto subsanable de no acreditarse que la señora Milagros de los Ríos y Avila fuera la esposa del señor Martínez y González, al adquirir éste la finca, entendiéndose esta denegatoria en cuanto a la finca letra B de este documento, de que únicamente se ha solicitado inscripción."

Contra esa negativa interpuso el vendedor, don Víctor P. Martínez, este recurso gubernativo con súplica de que ordenemos la inscripción solicitada, fundándose en que es procedente porque en el mismo registro se han hecho otras

insccripciones aceptando ese mandato como suficiente por lo que ahora está impedido el registrador de calificarlo de nuevo y de rechazarlo; y porque no tenía necesidad de ninguna clase de poder de su esposa ni necesitaba de su consentimiento expreso o genérico para vender bienes gananciales, toda vez que habiendo contraído su matrimonio con ella cuando regía el Código Civil español, que no exigía tal consentimiento, aunque el mandato y la venta se otorgaron después de regir el Código Civil Revisado que exige tal consentimiento, este precepto no puede perjudicar su derecho adquirido bajo el anterior código de vender como marido los bienes de la sociedad conyugal, en virtud de lo dispuesto en el artículo tercero del Código Civil Revisado y de la primera de sus disposiciones transitorias:

La escritura número 127 que motiva este recurso fué otorgada en 12 de julio de 1915 y por ella el marido, por sí y como apoderado de su esposa, vendió varias fincas y créditos a Emiliano Bauschamp. No tiene nota alguna de haber sido inscrita sino de haber sido relacionada en la inscripción de cierta finca y la negativa de inscripción que motiva este recurso. En cuanto a la escritura de mandato, cuya fecha es de 19 de febrero, 1909, otorgada por la esposa del recurrente a favor de su marido, tiene dos notas del Registrador de la Propiedad de Mayagüez de haberse hecho relación de él en dos inscripciones de una finca radicada en el barrio Las Marías, sin que conste que las inscripciones a que se refieren esas notas de relación sean de algunas de las fincas que fueron vendidas por la escritura número. 127 de 12 de julio de 1915.

Por lo expuesto vemos que la escritura de venta número. 127 no ha sido inscrita, y aunque el mandato ha sido relacionado o tenido en cuenta para hacer la inscripción de cierta finca del barrio de Las Marías, que no consta sea alguna de las que son objeto de la expresada escritura, no es esto obstáculo para que el registrador pueda calificar nue-

vamente ese mandato al solicitarse la inscripción de una de las fincas vendidas por la escritura número 127 porque el impedimento de nueva calificación a que se refiere la resolución de este tribunal en el caso de *Gerena* v. *El Registrador*, 26 D. P. R. 87, es para documentos ya inscritos pero no para éste en que el documento de venta no ha sido inscrito, por lo que el registrador no está impedido al examinar el documento para inscribirlo, de calificar la suficiencia del mandato que tenía el marido al otorgar esa escritura.

Examinemos el otro motivo del recurso.

El poder en cuya virtud el esposo vende en nombre de su consorte contiene una cláusula que dice así:

"Segunda.—Para que compren, vendan, permuten o hipotequen cualquiera clase de bienes de la señora compareciente, ya sean muebles, inmuebles, derechos reales y créditos, otorgando los contratos por documentos privados o públicos como fuesen necesarios para la validez y firmeza de cada uno de dichos contratos."

Hemos resuelto en varias ocasiones que un poder en que la esposa faculta al marido para vender cualquiera clase de bienes, sin especificar los gananciales, no autoriza al apoderado para vender los bienes gananciales de la esposa, en cuyas decisiones encuentra apoyo la negativa del registrador en este caso. *The Juncos Central Co.* v. *El Registrador de Caguas*, 29 D. P. R. 89, y casos en él citados; y el hecho de que el matrimonio se contrajera durante la vigencia del Código Civil español no es obstáculo para la aplicación a este caso del artículo 1328 del Código Civil Revisado que exige el consentimiento expreso de la esposa para los contratos de venta de bienes inmuebles, pues como se dijo en el caso *Amadeo* v. *El Registrador*, 3 D. P. R. 262, en que se trataba de una venta hecha por el marido después de regir el Código Civil Revisado, si bien con arreglo a la primera de las disposiciones transitorias del nuevo Código Civil las modificaciones introducidas por el mismo no tienen efecto

retroactivo, este principio no tiene aplicación al caso toda vez que no se trata de aplicar el precepto del artículo 1328 del nuevo código a ningún contrato de igual origen celebrado con arreglo a las leyes anteriores, ni de perjudicar ningún derecho adquirido al amparo de la legislación civil anterior vigente en la Isla, sino de aplicar un precepto nuevo del código referente a un caso también nuevo que cae de lleno bajo su régimen por haberse celebrado con mucha posterioridad a la fecha en que empezó a regir el expresado código.

Por las razones expuestas la nota del registrador debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Hutchison y Franco Soto.