EL PUEBLO, DEMANDANTE Y APELADO, *v.* LUGARÓ, ACUSADO Y APELANTE.

No. 2326.—*Visto:* Diciembre 16, 1924. *Resuelto:* Diciembre 19, 1924.

PERJURIO—ALEGACIONES—PRUEBA—JURAMENTO; FUNCIONARIO AUTORIZADO PARA TOMARLO.—De acuerdo con los artículos 117 y 89 de los Códigos Penal y de Enjuiciamiento Criminal, cuando se imputa el delito de perjurio, el gobierno debe alegar y probar que el funcionario ante el cual se prestó el juramento tenía facultad para tomarlo.

ID.—GRAN JURADO—JURAMENTO ANTE EL GRAN JURADO.—La sección 22 de la ley creando el Gran Jurado no confiere facultad a éste y especialmente no da ninguna a su presidente para tomar juramento. El Gran Jurado sólo está autorizado para examinar testigos bajo juramento, pero éste debe ser administrado por un funcionario a quien se confiere la facultad y que generalmente es el fiscal de distrito o tal vez el secretario de la corte.

SENTENCIA de *R. Díaz Cintrón,* J. (Ponce), condenando al acusado por delito de perjurio. *Revocada y absuelto el acusado.*

*D. Sepúlveda,* abogado del apelante; *José E. Figueras, Fiscal,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El artículo 117 del Código Penal prescribe lo siguiente:

"Artículo 117.—Toda persona que, habiendo jurado testificar, declarar, deponer o certificar la verdad ante cualquier tribunal, funcionario o persona competente, en cualquiera de los casos en que la ley permitiere tomar tal juramento, declarare ser cierto cualquier hecho esencial, conociendo su falsedad, será culpable de perjurio. No se admitirá como defensa en ninguna causa por perjurio la circunstancia de haberse prestado o tomado el juramento en forma irregular."

El artículo 89 del Código de Enjuiciamiento Criminal dispone lo siguiente:

"Artículo 89.—En una acusación por perjurio o por soborno para cometer el perjurio, bastará exponer la esencia del pleito o asunto con referencia al cual se cometió el delito y en qué tribunal y ante quién fué prestado el juramento que se denuncia como falso, y que el tribunal, o la persona ante quien el juramento fué prestado, tenía facultad para tomarlo, con alegaciones convenientes acerca de la falsedad del asunto en que el perjurio está indicado; pero la acusación no necesita expresar las alegaciones, antecedentes o procedimientos relacionados con el juramento, ni precisar la autorización o poder del tribunal o persona ante quien se cometió el perjurio."

Con arreglo a estos dos artículos es evidente que el gobierno debe alegar y probar que el funcionario que tomó el juramento estaba debidamente autorizado para ello.

Aquí el presidente del gran jurado tomó el juramento al acusado cuando este último era un testigo en una investigación de un supuesto homicidio. El único artículo que hace referencia al juramento de testigos ante el gran jurado, es el siguiente:

"Sección 22.—El Gran Jurado tendrá facultad para citar testigos y peritos y para examinarlos bajo juramento; para hacer inspecciones oculares y compeler la presentación de evidencia documental o de cualquier otra clase, además de la ofrecida por el fiscal (1919, p. 309).

Este artículo no confiere facultad alguna al Gran Jurado y especialmente no da ninguna a su presidente para tomar juramento. El Gran Jurado sólo está autorizado para examinar testigos bajo juramento, pero éste debe ser administrado por un funcionario a quien se confiere la facultad y que generalmente es el fiscal de distrito o tal vez el secretario de la corte.

Resulta que el Gran Jurado en este caso fué inducido a error debido a que bajo la práctica federal el presidente del Gran Jurado puede tomar juramento a testigos. Esta fa-

cultad, sin embargo, se confiere expresamente por el artículo 809 de los Estatutos Revisados de los Estados Unidos (*U. S. Rev. Stat. (2nd. Ed.), page 151*), y en Puerto Rico no existe ningún estatuto semejante.

Toda vez que el acusado fué declarado culpable de un delito de perjurio cometido ante una persona que no estaba facultada para tomar juramentos, *debe revocarse la sentencia y absolverse al acusado.*