ESSO STANDARD OIL CO. (P.R.), recurrente, *v.* EL REGISTRA-
DOR DE LA PROPIEDAD DE ARECIBO, recurrido.

*Número:* G-62-4      *Resuelto:* 8 de mayo de 1963

*James R. Beverley, R. Rodríguez Lebrón, William Estrella* y
*José Carbia Miranda,* abogados de la recurrente; el Registra-
dor recurrido compareció por escrito.

Sala integrada por el Juez Presidente Señor Negrón Fernández
y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

El Juez Asociado Señor Ramírez Bages emitió la opinión del
Tribunal.

En el Registro de la Propiedad de Arecibo, Puerto Rico,
se presentó la escritura Núm. 27, otorgada en 6 de junio de
1958 ante el notario José Carbia Miranda por virtud de la
cual don Leovigildo Vidal Soler arrendó a Esso Standard Oil
Co. (P.R.) un solar de 728.24 metros cuadrados por el tér-
mino de diez años, incluyendo las edificaciones radicadas en
el mismo dedicadas a puesto de gasolina. Según el apartado
noveno de dicha escritura las referidas edificaciones: "no
aparecen declaradas en el Registro de la Propiedad por la
presente escritura y en este momento lo hace el Arrendador."
El Registrador denegó la inscripción porque la esposa del
arrendador no prestó su consentimiento para realizar dicho
arrendamiento ya "que dichas edificaciones contenidas en el
suelo privativo del arrendador . . . durante su matrimonio
con María Pastor Benero se consideran de la sociedad de
gananciales . . . ."

En contra de dicha nota recurre Esso Standard Oil Co.
(P.R.) y a esos efectos alega que al denegar la inscripción
solicitada, el Registrador incurrió en los errores de 1) dene-

gar la inscripción a base de una calificación hecha meramente de la escritura de arrendamiento presentada sin tomar en consideración los asientos del Registro referentes a la finca en cuestión y 2) exigir la concurrencia del cónyuge cuando la propiedad aparece inscrita privativamente a nombre de determinada persona. En relación con este último error alega que cuando un Registrador inscribe una propiedad a título privativo a nombre de determinada persona no puede otro Registrador exigir la concurrencia del cónyuge de éste en caso de que se vaya a gravar o a enajenar la propiedad.

Para una mejor comprensión del problema bajo consideración es necesario hacer una breve relación del estado registral del título alrededor del cual gira toda la controversia.

Vidal Soler adquirió por herencia, y se inscribió como bien privativo suyo, una finca de cuerda y media según consta de la inscripción 13ª de la finca Núm. 126, al folio 189 del tomo 62 de Manatí. Para esa fecha este propietario era casado con doña María E. Pastor Benero. Según la inscripción 18ª, en julio 3 de 1948 el Registrador inscribió una hipoteca sobre un solar de 1778.27 metros cuadrados que formaba parte de la antedicha finca en garantía de un pagaré al portador por la suma de $4,000. Dicha hipoteca fue otorgada exclusivamente por Vidal Soler como propietario a título de herencia del inmueble así gravado. Es en esta inscripción que por primera vez aparece constancia en el Registro de que dicho solar contiene ciertas edificaciones en construcción "para puesto de gasolina". Aparece también en esta inscripción como parte de la descripción del inmueble objeto de la hipoteca lo siguiente:

"18ª—Hipoteca-Rústica: Solar situado en el barrio Pueblo del término municipal de Manatí, compuesto de un mil setecientos setenta y ocho metros con veintisiete centímetros cuadrados, conteniendo un *edificio de concreto en construcción para puesto de gasolina, otro edificio de bloques en construcción para garages y un edificio de maderas dedicado a garage* . . ." (Énfasis nuestro.)

En esta misma inscripción se dice a continuación que "el señor Vidal, *por su propio derecho por tratarse de bienes hereditarios constituye hipoteca sobre el expresado solar de esta finca, descrito al ingreso de este asiento.*" (Énfasis nuestro.) Por inscripciones posteriores Vidal Soler, solo y sin la concurrencia de su esposa arrendó la propiedad a Francisco Vázquez Escobar. Más tarde se constituyeron por Vidal Soler otras hipotecas sobre la propiedad sin la concurrencia de su esposa y en la última de éstas que motiva la inscripción número 25 se consigna en la inscripción que la finca "contiene varias edificaciones."

En 26 de junio de 1958 se efectuó una segregación de 728.24 metros cuadrados de la referida finca Núm. 126 por la escritura Núm. 26 ante el notario José Carbia Miranda. La parcela segregada fue inscrita por el Registrador anterior al incumbente aquí recurrido, como bien privativo de Vidal Soler. En dicha segregación no se hizo referencia alguna a que hubiere edificaciones en la referida parcela. Por consiguiente, no se tomó razón de dichas edificaciones en la primera inscripción de la parcela segregada. Ese mismo día se otorgó el arrendamiento de dicha parcela que consta en la escritura Núm. 27 y al que ya hemos hecho referencia. El párrafo Núm. 9 de esta escritura dispone lo siguiente:

"Noveno: Arrendador y Arrendatario desean hacer constar que este contrato de arrendamiento comprende no solamente el solar antes descrito si que también las construcciones que enclavan en dicho solar y que están dedicadas a puesto de gasolina y que constan de edificio principal construido de hormigón y bloques de cuatro punto diez (4.10) metros de frente por diez punto veinte (10.20) metros de fondo con anexo de nueve punto cincuenta (9.50) metros de frente por tres punto sesenta (3.60) metros de fondo de maderas y zinc y otro anexo construido de bloques que tiene un frente de tres punto cuarenta (3.40) metros y dos punto sesenta (2.60) metros de fondo con dos naves para engrase y lavado de automóviles construidas de hormigón. *Como estas edificaciones no aparecen declaradas en el Registro de la*

*Propiedad por la presente escritura y en este momento lo hace el Arrendador, haciendo constar que tienen un valor de Mil Dólares."* (Énfasis nuestro.)

El Registrador recurrido ha indicado su conformidad con este historial registral de los bienes en cuestión.

Es evidente que del Registro no aparece con toda claridad que las edificaciones radicadas en la finca principal habían sido construidas en la precisa porción de dicha finca que luego se segregó y se inscribió como finca separada e independiente, privativa de Vidal Soler. No tan solo no se mencionan dichas edificaciones como radicadas en la parcela segregada sino, que al arrendarse ésta a la recurrente, se hace constar en la escritura de arrendamiento que ciertas edificaciones radicadas en la parcela segregada *"no aparecen declaradas en el Registro"* y por la escritura de arrendamiento *"lo hace el Arrendador, haciendo constar que tienen un valor de Mil Dólares."* (Énfasis nuestro.) Pero también se desprende del Registro que las descripciones de las edificaciones en la finca principal y en la parcela segregada de ella son sustancialmente similares y su uso es el mismo; que no se mencionan como existentes otras edificaciones; y que desde que se segregó la parcela en cuestión hasta que se arrendó no hubo tiempo posible dentro del cual Vidal Soler pudiese haber construido las edificaciones descritas en el arrendamiento de la parcela segregada, pues su segregación y su arrendamiento se llevaron a cabo el mismo día. Además, el propio Registrador recurrido a los efectos de sostener su nota admite que las edificaciones en cuestión fueron inscritas por su antecesor como privativas de Vidal Soler. Es forzoso concluir, pues, que se trata de las mismas edificaciones que se mencionan en la inscripción 18ª de la finca principal, la que subsiguientemente fue arrendada e hipotecada por Vidal Soler sin el concurso de su esposa en escrituras que fueron inscritas sin el defecto que apunta el Registrador recurrido.

De lo expuesto surge que la cuestión a resolver es si, como sostiene el Registrador recurrido, éste puede determinar ahora que las referidas edificaciones pertenecen a la sociedad de gananciales constituida por Vidal Soler y su esposa y, por lo tanto, su arrendamiento exigía que ésta concurriese con aquél o si, por el contrario, la referencia a dichas edificaciones en las inscripciones 18ª y 25 de la finca principal constituye una inscripción de tales edificaciones de manera que la inscripción de la hipoteca del solar sin la concurrencia de la esposa constituía en derecho una calificación de la edificación como privativa del dueño del solar que, como alega el recurrente, no puede cuestionarse subsiguientemente por el Registrador recurrido en relación con la inscripción del arrendamiento convenido en la referida escritura Núm. 27.

A los efectos de resolver es necesario determinar cuál es el estado del derecho en este caso. El estatuto aplicable es el Art. 18 de la Ley Hipotecaria en vigor (30 L.P.R.A. sec. 43), que dispone lo siguiente:

"Los Registradores calificarán bajo su responsabilidad la legalidad de las escrituras en cuya virtud se solicite la inscripción y la capacidad de los otorgantes por lo que resulte de las mismas escrituras.

Del mismo modo calificarán, bajo su responsabilidad y para el único efecto de admitir, suspender o negar su inscripción o anotación, todos los documentos expedidos por la Autoridad judicial.

Contra la suspensión o denegación de inscripción o anotación preventiva no se darán más recursos que los señalados en este subtítulo, sin que los Jueces o Tribunales puedan obligar en otra forma a los Registradores a que inscriban o anoten en virtud de documentos judiciales."

La doctrina general aplicable que expusimos en *Hernández* v. *Registrador*, 67 D.P.R. 452 (1947); *Graciani* v. *El Registrador*, 25 D.P.R. 44 (1917); *Rodríguez* v. *El Registrador de Mayagüez*, 26 D.P.R. 73 (1917); y *Sucesión Blanco* v. *El Registrador*, 16 D.P.R. 67 (1910), es al efecto

de que al calificar un documento presentado para inscripción en el Registro de la Propiedad, el Registrador tiene que atenerse a lo que resulte de los documentos presentados teniendo en cuenta los asientos del Registro referentes a la misma propiedad. El estado de derecho creado por inscripciones una vez verificadas debe ser respetado hasta que sea modificado de algún modo conocido en derecho, pues lo contrario constituiría "una arrogación de la privativa facultad de las cortes. . . . . Los asientos extendidos en el Registro han de estimarse válidos en sí y en cuanto al acto inscrito, sean cuales fueren los vicios que se observen después hasta tanto los tribunales declaren su nulidad, no pudiendo ser anulados ni discutidos por el Registrador ni por sus superiores jerárquicos." Morell y Terry, *Comentarios a la Legislación Hipotecaria*, tomo 2, vol. XX, ed. 1927, pág. 264; Roca Sastre, *Derecho Hipotecario*, tomo II, pág. 18. (¹)

La doctrina en cuestión presupone la inscripción, y por consiguiente la previa calificación del título del inmueble o derecho real en un asiento anterior del Registro referente a la misma propiedad.

■ La inscripción de nuevas edificaciones en suelo propio e inscrito puede hacerse en Puerto Rico en una de las siguientes dos formas:

A.—Un procedimiento consiste en lograr la registración de la obra nueva aprovechando la ocasión de que se inscribe un título constitutivo, declarativo, reconositivo, modificativo o

---

(¹)En los siguientes casos hemos considerado el alcance de esta doctrina: *Autoridad Fuentes Fluviales* v. *Registrador,* 71 D.P.R. 25 (1950), en el cual reiteramos la doctrina expuesta en *López* v. *Registrador,* 58 D.P.R. 1 (1941), y en *Rosado* v. *Registrador,* 68 D.P.R. 594 (1948), y en tal virtud revocamos a *Gerena* v. *El Registrador,* 26 D.P.R. 87 (1916), y por consiguiente a *Blanco* v. *El Registrador de Caguas,* 27 D.P.R. 961 (1919); *Nido y Cía, S. en C.* v. *Registrador,* 74 D.P.R. 789 (1953); *Ruiz* v. *Torres,* 61 D.P.R. 1 (1942); *Dieppa* v. *Registrador,* 33 D.P.R. 860 (1924); *Martínez* v. *Registrador,* 32 D.P.R. 579 (1923), *La Sociedad Protectora de Niños* v. *El Registrador de San Juan,* 29 D.P.R. 974 (1921); *Rodríguez* v. *El Registrador de Mayagüez,* 26 D.P.R. 73 (1917).

translativo del dominio o de un derecho real, en el cual *se haga constar la obra nueva efectuada.*

B.—Otro procedimiento es el que tiene lugar cuando se pretende registrar la obra nueva, no conjuntamente con la inscripción de un acto registrable, sino aisladamente de él, mediante la formalización de un documento dirigido únicamente a dicho fin. *Muñoz* v. *Registrador de San Juan, Sec. Primera,* 23 D.P.R. 651 (1916) ; *Marcano* v. *El Registrador,* 20 D.P.R. 562 (1914) ; y *Sánchez y Cía.* v. *El Registrador de la Propiedad,* 16 D.P.R. 441 (1910) ; Roca Sastre, *Derecho Hipotecario,* tomo II, ed. 5ta., págs. 85–90; Galindo y Escosura, *Comentarios a la Legislación Hipotecaria de España,* tomo I, ed. 4ta., pág. 359; Sabater, *Práctica Civil,* tomo II, pág. 371.

■ Cuando se construye la edificación en suelo ajeno sólo el procedimiento indicado de inscripción específica por separado es la procedente. En el caso de *Suárez* v. *El Registrador,* 36 D.P.R. 195 (1927), al inscribirse un solar a nombre de un municipio se hizo mención del hecho que determinada persona con el previo consentimiento del municipio, había construido una casa en dicho solar. Posteriormente se denegó la inscripción de una hipoteca sobre la casa por el fundamento de no estar inscrita. Al confirmar dicha denegatoria dijimos que "la mera mención en el asiento hecho al inscribirse una escritura a nombre del dueño del terreno no es una inscripción del título de un edificio enclavado en dicho terreno, *construido por y perteneciente a otra persona ni es tampoco inscripción del título de tal dueño al usufructo.*" (Énfasis nuestro.)

■ En el caso que nos ocupa, sin embargo, no se trata de alguna de las dos situaciones precedentes sino más bien del estado de derecho de una referencia a edificaciones construidas por una persona siendo casada, en propiedad inscrita como bien privativo de tal persona. Nótese que además de la referencia a que la propiedad contiene las referidas edificaciones, la inscripción 18ª del inmueble informa que dicho

dueño, por su propio derecho, hipotecó específicamente el solar conteniendo las referidas edificaciones, y dicha hipoteca se inscribió sin anotación de defecto alguno. Es cierto que de acuerdo con el Art. 1304 del Código Civil (31 L.P.R.A. sec. 3644) y lo resuelto en *Sucesores de Santos Alonso S. en C.* v. *El Registrador*, 26 D.P.R. 831 (1918), un solar inscrito como privativo de un esposo se convierte en ganancial cuando la sociedad de gananciales fabrica en él un edificio. En el caso ante nos el Registrador que hizo la inscripción 18ª pudo haber denegado la hipoteca porque al haberse convertido en ganancial la propiedad se necesitaba la concurrencia de la esposa para inscribir dicho gravamen. Pero no lo hizo, sino que, por error o inadvertencia, al inscribir la hipoteca sobre la propiedad y las edificaciones necesariamente calificó la propiedad y las edificaciones como privativas, no obstante el estado de derecho que acabamos de apuntar.

▬ Establecido en el caso de autos que las edificaciones en la parcela arrendada son aquéllas que fueron objeto de calificación en las inscripciones 18ª y subsiguientes de la finca de donde se segregó la parcela objeto del arrendamiento, (2), determinamos que las referidas inscripciones constituyen "asientos del registro referentes a la misma propiedad", o sea, a la parcela segregada y más específicamente a las edificaciones que motivan la nota objeto de este recurso. Siendo así, el Registrador tenía que estimar tales asientos como "válidos en sí y en cuanto al acto inscrito [las edificaciones en cuestión] sean cuales fueren los vicios" que observare. Cualquier parte perjudicada por esta situación puede hacer valer sus

---

(2) La parcela en cuestión colinda por el norte con la carretera estatal Núm. 2 y por el sur con el resto de la finca de la cual se segrega, colindando por el este con un callejón y por el oeste con una calle. Esta situación tiende a confirmar la conclusión de que las edificaciones que motivan este recurso fueron construidas en la parte de la finca principal que constituye la parcela segregada, pues es de suponer que edificaciones construidas para fines de un puesto de gasolina se habrían de localizar en aquella parte de la finca más accesible al camino principal y de más tránsito que en este caso es la carretera estatal Núm. 2.

derechos mediante el correspondiente recurso judicial. Por consiguiente, no podía el Registrador recurrido volver a calificar tales bienes bajo la teoría de que se estaban inscribiendo por primera vez en la parcela segregada, pues si bien es verdad que en la escritura de arrendamiento se dijo que dichas edificaciones "no aparecen declaradas en el Registro", lo cierto es que esto contituía una manifestación errónea, una posible inadvertencia que de por sí no podía tener ni tiene el efecto de modificar la situación de hecho que surge de los asientos del Registro referentes a la misma propiedad. Por lo tanto, incurrió en error el Registrador al calificar de nuevo dicha propiedad en forma contraria a su calificación constante del Registro.

*Se revocará la nota recurrida y se ordenará la inscripción de la referida escritura Núm. 27, otorgada en 6 de junio de 1958 ante el notario público José Carbia Miranda, libre de defectos.*