GERENA, RECURRENTE, *v.* EL REGISTRADOR DE HUMACAO, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Humacao denegando la inscripción de una escritura de partición de bienes.

No. 338.—Resuelto en enero 24, 1918.

INSCRIPCIÓN DE DOCUMENTOS—CALIFICACIÓN DE TÍTULOS—REGISTRADORES: FACULTADES DE LOS MISMOS.—La facultad concedida a los registradores por el artículo 18 de la Ley Hipotecaria para calificar la legalidad de las escrituras y la capacidad de los otorgantes, se refiere a los documentos no inscritos en el mismo registro. Una vez verificada la inscripción, el registrador que la verifica o los que le sucedan en el cargo no pueden tener los documentos inscritos como ineficaces o nulos, cualesquiera que sean los vicios o defectos de que adolezcan, mientras no se declare la nulidad por quien corresponda y en la forma que proceda. La anterior doctrina no se opone a que se califique de nuevo un documento cuya inscripción fué denegada, si el registrador se convenciere luego de la injusticia de su negativa.

ID.—PARTICIÓN DE BIENES.—Aplicando la anterior doctrina se decidió en este caso que inscrito un documento contentivo de una partición de bienes en cuanto a determinadas adjudicaciones, no puede negarse luego su inscripción en el mismo registro en cuanto a las restantes por motivos que tuvieron necesariamente que ser considerados al verificarse la inscripción primera.

Los hechos están expresados en la opinión.

Abogado del recurrente: Sr. *Francisco González Fagundo.*

El registrador recurrido, Sr. Francisco G. Descartes, compareció en nombre propio.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Nicolás Cruz y Rosa, como contador partidor nombrado en su testamento por Alejo Cruz Sánchez; Galo Cruz Sánchez, por su propio derecho como legatario, y como tutor testamentario de Angela y Juan de los Santos Cruz, y Secundino Cruz Rosado, por su propio derecho, se reunieron y practicaron la división del caudal dejado a su fallecimiento por el dicho Alejo Cruz Sánchez. El tutor fué previamente autorizado por la corte para llevar a efecto la división, y una vez que ésta fué practicada, se sometió a la corte para que le impartiera, como le impartió en efecto, su aprobación.

La documentación fué presentada en el Registro de la Propiedad de Humacao por Galo Cruz Sánchez a los efectos de que se inscribieran a su favor los bienes que se le habían adjudicado y así lo hizo el registrador por medio de la siguiente nota:

"Inscrito este documento, con vista de otros, en cuanto a las adjudicaciones hechas a favor de Galo Cruz y Sánchez únicas de que se ha solicitado inscripción, en los tomos 23 y 34 de Yabucoa, a los folios 194 y 164, fincas números 1106 y 1472, inscripciones 2ª. y 1ª., respectivamente. Humacao, 27 de abril de 1917. "Francisco Socorro, Reg. interino."

La misma documentación, con la nota que antecede figurando al pie de ella, se presentó de nuevo en el mismo registro a los efectos de inscribir ciertas adjudicaciones hechas a favor del heredero mayor de edad, Secundino Cruz Rosado, y de los herederos menores de edad, Angela y Juan de los Santos Cruz, y el registrador se negó a practicar la inscripción solicitada, por medio de la siguiente nota:

"Denegada la inscripción de este documento en cuanto a las 37 cuerdas, resto de la finca descrita con la letra b, y en cuanto a la finca descrita con la letra d, adjudicadas proindiviso a los herederos Secundino Cruz Rosado, Angela y Juan de los Santos Cruz Burgos,

única de que se solicita inscripción, por los siguientes defectos: *primero*—porque Nicolás Cruz Rosa, Galo Cruz Sánchez y Secundino Cruz Rosado practicaron privadamente y con fecha 21 de marzo de 1917, las operaciones de división y adjudicación, y sus firmas no han sido autenticadas debidamente, ni han ratificado por documento público las citadas operaciones; *segundo*—porque habiendo comparecido Galo Cruz en la partición por su propio derecho como legatario y tutor de los menores Angela y Juan de los Santos Cruz, y resultando también ser acreedor de la herencia, tiene por tanto intereses encontrados con los indicados menores que representa; *tercero*—porque habiendo menores de edad en la partición los bienes han debido ser valorados por peritos extraños; y *cuarto*—porque la finca de diez cuerdas adjudicada al legatario Galo Cruz se ha segregado de otra de 47 cuerdas descritas en la partición con la letra B, y las legadas según testamento son parte de una de ciento sesenta cuerdas, y aunque en la partición se dice que la citada finca letra B con las letras C. D. y E. forman aquellas, es lo cierto, que resultan tener, según el mismo documento, ciento noventa y cinco cuerdas; habiéndose tomado en su lugar la correspondiente anotación por 120 días a favor de los citados adjudicatarios, en los tomos 2 y 9 de Yabucoa, a los folios 183 y 94 vuelto, fincas Nos. 85 y 456, anotaciones letra A., respectivamente.—Humacao, P. R., agosto 10 de 1917.—El Registrador, Francisco G. Descartes.''

Contra esta nota de 10 de agosto último, se interpuso el presente recurso gubernativo, alegándose, entre otras razones, la de que el registrador no podía negar la inscripción del documento, porque ya había sido inscrito en el registro.

Hemos estudiado cuidadosamente esta cuestión y a nuestro juicio está bien fundada la alegación del recurrente. Como veremos en seguida, se ha resuelto repetidas veces por la Dirección General de los Registros de España, interpretando el artículo 18 de la Ley Hipotecaria, que es el mismo precepto legal actualmente en vigor en Puerto Rico, que el registrador no debe calificar los documentos ya inscritos en el mismo registro o en la antigua anotaduría.

El 16 de enero de 1882, dicha Dirección insistió en la siguiente doctrina:

''CONSIDERANDO: que la facultad concedida a los registradores de

la propiedad por el artículo 18 de la Ley Hipotecaria para calificar la legalidad de las escrituras y capacidad de los otorgantes, se refiere única y exclusivamente a los documentos no inscritos o que por primera vez se presenten para su inscripción en el registro, según repetidamente se ha declarado por este Centro en las citadas resoluciones.

"CONSIDERANDO: que si los registradores pudiesen calificar los documentos ya inscritos, vendría por este medio, a prejuzgarse acerca de la validez de los asientos verificados, lo que sólo corresponde a los tribunales de justicia en el juicio correspondiente."

El 21 de enero de 1897, volvió a aplicarla, así:

"CONSIDERANDO: que hallándose ya inscrita literalmente la parte del expresado documento en que se estipuló la celebración del contrato de compraventa a que alude la recurrente, no hay términos hábiles para reproducir la inscripción que ya está practicada, ni por consiguiente tiene competencia o atribución el registrador para calificar de nuevo la validez o nulidad del referido contrato:

"CONSIDERANDO: que según doctrina de esta Dirección, consignada en varias resoluciones, los actos o contratos inscritos producen los efectos que las leyes les tienen señalados, sin que los registradores que suceden en el ejercicio del cargo al funcionario que los inscribió puedan tenerlos como ineficaces o nulos, cualesquiera que sean los vicios o defectos de que adolezcan, mientras no se declare su nulidad por quien corresponda y en la forma que proceda."

Y el 17 de octubre de 1898, la ratificó como sigue:

"CONSIDERANDO: que el registrador ha denegado la inscripción de la escritura de donación otorgada por doña Josefa Antonia Inocencia de Zayo, viuda de don Juan Pedro de Zayo, del expresado caserío de Laurizgoicoa y sus pertenecidos en favor de su hijo don Mateo de Zayo, en cuanto a la mitad proindiviso de dicha finca, porque el poder testatorio que los nombrados esposos se confirieron mutuamente en la escritura de capítulos matrimoniales anteriormente mencionada no se había otorgado con arreglo a las formalidades prevenidas en la Ley 8ª., tit. XIX lib. X de la Novísima Recopilación:

"CONSIDERANDO: que según la doctrina de los citados artículos de la Ley Hipotecaria, reiteradamente declarada por esta Dirección en diferentes resoluciones, también mencionada, los registradores de la propiedad y sus superiores jerárquicos en el orden administrativo no tienen competencia para calificar los títulos inscritos, los cuales,

mientras los tribunales no declaren su nulidad deben tenerse y reputarse como válidos para el efecto de inscribir a continuación los actos o contratos otorgados por personas que, según los asientos del registro, tengan derecho para ello.''

Creemos que la anterior doctrina es aplicable a este caso porque si bien es cierto que las operaciones divisorias se presentaron por vez primera en el registro a los efectos de la inscripción de determinadas adjudicaciones, es lo cierto que al verificarse tal inscripción implícitamente reconoció el registrador la validez de la totalidad de las operaciones y por tanto la no existencia de los defectos que señaló después en su nota denegatoria.

El hecho de que el registrador que inscribió el documento fuera una persona distinta del que negó la inscripción, no tiene importancia tratándose como se trata del mismo registro. Es al estado de derecho creado en el registro al que hay que atender y no al criterio personal de los diversos funcionarios que desempeñan el cargo.

Nos parece conveniente, a los efectos de fijar bien los límites de la doctrina que aplicamos a la resolución de este caso, citar con aprobación el criterio de Galindo sobre la materia. Después de consignar que el registrador no debe calificar los documentos ya inscritos en el mismo registro. dice:

''Lo que sí puedo y debo calificar es los títulos que antes hayan sido calificados o inscritos o rechazados en otros registros, y cuya inscripción se pretenda en el suyo, porque cada registrador es responsable de sus actos.

''¿Y podrá el registrador calificar de nuevo, documentos ya calificados de no inscribibles por él mismo, si reconoce que esta calificación no fué acertada? Por indudable tenemos que sí. El registrador califica siempre bajo su responsabilidad y no hay precepto alguno en la legislación hipotecaria que le impida que si reconoce su error, modifique su calificación sin necesidad de que se interponga recurso gubernativo.

''Y si después de practicada una inscripción y antes de devolver

el título, entiende el registrador que aquella no era su procedente, ¿podrá dejarla sin efecto en virtud de su facultad de calificar?

"La Dirección en Resolución de 8 de junio de 1896, se declaró incompetente para resolver si tenía o nó esas atribuciones, lo cual corresponde a los tribunales.

"Nosotros creemos que después de firmada la inscripción y puesta nota en el título ya no puede volver sobre su acuerdo," 2 Galindo. Legislación Hipotecaria, 18.

En tal virtud, por el motivo indicado, debe revocarse la nota recurrida y ordenarse la inscripción solicitada.

> *Revocada la nota recurrida y ordenada la inscripción solicitada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Aldrey no intervino en la resolución de este caso.