CHARDÓN, RECURRENTE, *v.* EL REGISTRADOR DE PONCE, RECURRIDO.

RECURSO gubernativo interpuesto contra nota del Registrador de la Propiedad de Ponce denegatoria de inscripción de una escritura de venta de finca para pago de contribuciones.

No. 479.—Resuelto en diciembre 23, 1920.

VENTA EN SUBASTA PARA PAGO DE CONTRIBUCIONES—CERTIFICADO DE VENTA EXPEDIDO POR EL COLECTOR—REQUISITO QUE HA DE CONTENER EL CERTIFICADO DE VENTA.—Para que sea inscribible en el registro de la propiedad el título del comprador de una finca vendida por un colector de rentas internas en subasta para pago de contribuciones, es requisito indispensable que el certificado de venta contenga claramente el nombre del verdadero dueño de la finca embargada y vendida. Sancionar el traspaso de títulos por virtud de manifestaciones vagas o sujetas a conjeturas constituiría una seria amenaza a los derechos de los propietarios.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Carlos F. Chardón.*

El registrador recurrido no compareció.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

En una certificación expedida por el Tesorero de Puerto Rico se dice que en el expediente de apremio seguido para el cobro de contribuciones instituído por el Departamento de Hacienda contra Cristino Caliz ''por A. F.,'' se halla agregada otra certificación que al efecto se copia literalmente y en la cual un subcolector hace constar que cierta propiedad que en la misma se describe fué embargada y vendida

en pública subasta por falta de pago de las contribuciones a Manuel Miranda. En esta copia certificada de la certificación a que acabamos de referirnos se dice a su vez que ''el nombre del contribuyente moroso'' es ''Cristino Caliz, por A. F.''

Siete meses después de la certificación del Tesorero arriba descrita y trece años con posterioridad a la fecha de la certificación que allí se copia, que acredita haber sido expedida por el subcolector de Peñuelas, certifica además el sub-tesorero que la finca de 60 cuerdas de terreno, sita en el barrio Tallaboa Poniente, del término municipal de Peñuelas, P. R., subastada con fecha 27 de junio de 1906, para cobro de contribuciones adeudadas por el contribuyente Cristino Caliz, ''por Antonsanti y Franceschi'' y adjudicada en dicho remate a Manuel Miranda, procede de una finca de 400 cuerdas de terreno que figuró a nombre del propio ''Cristino Caliz, por Antonsanti y Franceschi'' y que, las iniciales ''A. F.'' estampadas en el certificado de compra, Embargo No. 22,365 quieren decir ''Antonsanti y Franceschi.''

Estos certificados fueron presentados por el Notario Carlos Chardón al registro de la propiedad para su inscripción como prueba del título a la propiedad ''rematada por contribuciones adeudadas por Cristino Caliz, representante de Antonsanti & Franceschi,'' propiedad que se dijo debía ser segregada en la inscripción del remanente de 200 cuerdas que figuran a nombre de Antonsanti & Franceschi, después de otras varias segregaciones que según la inscripción se hicieron con anterioridad, de una finca de 500 cuerdas.

La nota recurrida es como sigue:

''Denegada la inscripción de este título, por no aparecer inscrita, a favor del deudor moroso Cristino Caliz por A. F., ni de otra persona, la finca de sesenta cuerdas objeto del mismo. Cuya finca no puede considerarse como parte que ha de ser segregada de la que se halla inscrita, reducida hoy a doscientas cuerdas—a favor de Antonsanti y Franceschi, mercantil de Guayanilla, al folio 178 del tomo 1 de Peñuelas, finca No. 28, inscripción 21, porque no son

válidos, para llegar a esa conclusión, el certificado del Sub-Tesorero de Puerto Rico y el escrito de C. F. Chardón adicionados al efecto (*Salgado* v. *El Registrador*, 26 D. P. R. 172, y *Menéndez* v. *El Registrador*, 13 D. P. R. 191.'')

Admitiendo en pro del argumento, aunque sin resolverlo, que los hechos de este caso son suficientes para distinguirlo de los que han sido citados por el registrador, de ello no se infiere necesariamente que fuera errónea la calificación en cuestión.

No existe absolutamente nada en uno u otro de los mencionados certificados que demuestre por qué una propiedad que pertenece a Antonsanti & Franceschi debía ser vendida para cobro de contribuciones debidas por Cristino Caliz, o por cualquiera otra persona. El certificado del sub-tesorero expedido trece años después de la venta en pública subasta por falta de pago de las contribuciones no suministra luz alguna sobre la cuestión, como no sea el dato de que las iniciales ''A. F.'' que aparecen en el certificado de compra figuran por ''Antonsanti & Franceschi.'' No se ha probado que esto, de ser un hecho, conste en los autos de los procedimientos conocidos por ''Embargo No. 22,365.'' De todos modos el registrador no estaba obligado a aceptar, ni hubiera estado justificado tampoco en seguir la mera conclusión de un notario de que en realidad el contribuyente moroso no era Cristino Caliz como se decía en ambos certificados, sino Antonsanti & Franceschi debidamente representada por Cristino Caliz. Sancionar el traspaso en la inscripción de títulos de bienes inmuebles por virtud de tales manifestaciones vagas, inciertas y sujetas a conjeturas, daría lugar a una confusión sin límites y constituiría una seria amenaza a los derechos de todos los propietarios.

No conocemos ninguna ley que autorice la venta de la propiedad de un ciudadano por contribuciones morosas de otro, y algo más que esto debe aparecer claramente de la faz del certificado de compra y no quedar sujeto a mera inferencia o a una conclusión a la que ha de llegarse mediante una.

interpretación liberal de una referencia dudosa, por no decir sin significado, a alguna supuesta o presunta relación entre el dueño de la propiedad vendida con derecho inscrito y el contribuyente moroso a cuyo nombre figuraba en los libros, registro, minutas, u otros informes sin especificar del Departamento del Tesoro.

La nota recurrida debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.