DIEPPA, RECURRENTE, *v.* EL REGISTRADOR DE AGUADILLA, RECURRIDO.

No. 600.—*Sometido:* Noviembre 3, 1924.   *Resuelto:* Diciembre 22, 1924.

INSCRIPCIÓN—VENTA PARA PAGO DE CONTRIBUCIONES—CERTIFICADO DE VENTA EXPEDIDO POR EL COLECTOR—IDENTIFICACIÓN DE LA FINCA.—Estando la finca inscrita a favor de "Eusebio Práxedes Serrano y Serrano," no es inscribible un certificado expedido por el colector en procedimiento de subasta para cobro de contribuciones, según el cual el procedimiento se siguió contra la sucesión de "Práxedes Serrano." La finca debía aparecer inscrita a nombre de la sucesión si una venta contra ésta se había efectuado.

ID.—ID.—ID.—Un certificado de venta para pago de contribuciones debe expresar que fué hecha la notificación del embargo a que se refieren los artículos 336 y 342 del Código Político.

ID.—ID.—TÍTULOS INSCRITOS QUE NO PUEDEN SER RECALIFICADOS—EMBARGOS.—El hecho de que hubiera sido inscrito un embargo anterior a la venta de la finca vendida para cobro de contribuciones, no impide que el registrador califique y deniegue la inscripción del certificado de venta cuando es defectuoso. El caso de *Gerena v. Registrador,* 26 D. P. R. 87, es aplicable a títulos ya inscritos y un embargo no es un título dentro del espíritu de la Ley Hipotecaria.

ID.—ID.—CERTIFICADOS DE VENTA; REQUISITOS DE LA LEY HIPOTECARIA.—No fué la intención de la Legislatura que las ventas para pago de contribuciones podían ser inscritas independientemente de las disposiciones de la Ley Hipotecaria. La idea de la Ley Hipotecaria es proteger a terceros y la interpretación casi universal dada a las ventas por falta de pago de contribuciones es que deben ajustarse a la Ley Hipotecaria para obtener una inscripción.

NOTA de *William J. Santos,* R. (Aguadilla), denegando inscripción de certificado de compra de bienes inmuebles. *Confirmada.*

El recurrente compareció por escrito; el registrador no compareció.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El documento presentado para inscripción fué un certificado de compra de bienes inmuebles. El colector de rentas internas de San Sebastián certificó que en una subasta pública se adjudicó a José Dieppa Pérez por la suma de $8.26, una finca de 12½ cuerdas y una casa en el barrio de Guatemala de San Sebastián, con las siguientes colindancias: (A continúación y en una columna aparece lo siguiente: N. Vidal Medina; S. Víctor P. Martínez; E. Víctor P. Martínez; O. Ramón Montalvo, ocupando cada uno una línea separada). Las letras N. E. S. O. probablemente tendían a indicar los puntos cardinales, pero no los indican con precisión. Después, bajo el título de "contribuyente moroso" aparecen los nombres "Práxedes Serrano Sucesión". El colector también certifica que la finca descrita parece formar parte de una de mayor cabida inscrita en el Registro de la Propiedad de Aguadilla al folio 72, tomo 7, inscripción primera.

Al dorso del documento el Tesorero de Puerto Rico certifica que la certificación del colector es copia literal de lo que aparece agregado al expediente de su razón.

Presentado este documento al Registrador de la Propiedad de Aguadilla, fué denegada su inscripción por los siguientes motivos:

"Denegada la inscripción del precedente documento que es el certificado de venta No. 713–1338, expedido por el Colector de Rentas Internas de San Sebastión, a don José Diepa y Pérez, con vista de otros documentos, al folio 157 vuelto del tomo 33 de San Sebastián, finca número 1856, anotación letra 'A,' y tomada en su lugar anotación preventiva de dicha denegatoria, a favor de don José Diepa y Pérez, porque la finca de doce y media cuerdas con casa a que dicho documento se refiere, aparece como compuesta de trece cuerdas más o menos, a favor de Eusebio Práxedes Serrano y Se-

rrano; porque del certificado de venta se deduce que el procedimiento·iniciado para ·pago de contribuciones, recargos y costas, lo fué y se siguió contra la Sucesión de Práxedes Serrano, sin que pueda determinarse que éste sea el mismo Eusebio Práxedes Serrano a cuyo favor aparece la finca; porque no se expresa quién o quiénes componen la Sucesión de Práxedes Serrano; no se acredita en forma alguna haberse cumplido los preceptos del artículo ·336 del Código Político de Puerto Rico, notificando la orden de embargo al deudor o a cualquiera de sus familiares, o vecinos, según lo dispone dicho artículo; porque apareciendo del Registro una mención de hipoteca a favor de Don Víctor P. Martínez y González, no consta se haya dado a dicho acreedor intervención alguna en el procedimiento tendente a darle oportunidad de satisfacer las contribuciones adeudadas, de acuerdo con el artículo 334 del mencionado Código Político, o para redimir la finca en el término que indica el artículo 348 del citado cuerpo legal; y por el fundamento, además, de no estar previamente inscrita esta finca a nombre de la Sucesión trasmitente, haciendo constar que la anotación preventiva se ha tomado por el término legal. Aguadilla, 17 de septiembre de 1924.''

Tal vez estuvo equivocado el registrador al decir que una descripción de 12½ cuerdas no era equivalente a 13 cuerdas, a menos que el resto de la descripción fuera correcto. Sin insistir demasiado por ahora, en que la indicación N.S.E.O. no es una descripción suficiente de los puntos cardinales, queda el hecho saliente de que la finca vendida para pago de contribuciones se suponía que fué segregada de una finca de mayor cabida perteneciente al alegado contribuyente moroso. Si fué de tal modo segregada, una o más de las colindancias eran necesariamente la finca del referido contribuyente moroso Práxedes Serrano, y sin embargo ninguna de las colindancias expresadas demostraban que él era un vecino. Tal vez si hubiera sido mejor que el registrador hubiese denegado la inscripción por falta de la debida identificación de la finca. De aquí que la cantidad exacta del terreno era importante y no debemos sentirnos dispuestos a revocar la calificación del registrador.

El recurrente deja enteramente de apreciar el punto del Registrador al decir éste que la supuesta finca estaba inscrita a nombre de Eusebio Práxedes Serrano y Serrano. De ahí que una descripción con los nombres Práxedes Serrano era insuficiente. El registrador al hablar de esto no insistía en que la finca no aparecía a nombre de la sucesión de Práxedes Serrano.

Asimismo tuvo razón el registrador al insistir en que la finca debía aparecer inscrita a nombre de la Sucesión si una venta contra tal Sucesión se había efectuado. Véase el caso de *Rodríguez* v. *El Registrador de Arecibo,* (pág. 823).

El artículo 336 del Código Político citado por el registrador, es cierto que se refiere únicamente a bienes muebles, pero el artículo 342 de dicho Código requiere que se siga el mismo procedimiento en la venta de bienes inmuebles al que tiene lugar en la de bienes muebles. El 342 requiere que se haga la misma notificación al dueño que la exigida por el 346 y lo mismo el 334. Hubiera sido mejor si el registrador hubiera citado ambos artículos el 336 y el 342. Antes de que esta finca vendida pudiera ser inscrita debía aparecer que la notificación al dueño requerida por el artículo 342 había sido hecha.

Tenemos asimismo cierta idea de que el registrador tiene razón al decir que debe hacerse una notificación de la venta a los acreedores hipotecarios con derecho inscrito, pero no encontramos que se mencione este requisito en el artículo 334 del Código Político, citado por el registrador.

El recurrente al empezar su argumentación se queja de que el registrador infringió el principio de que una vez admitido un título inscrito no podía ser rechazado después. El recurrente con esto quiere decir que el embargo anterior a la venta fué inscrito. Tal inscripción la exige el artículo 340 del Código Político, pero tal embargo no es un título dentro del espíritu de la Ley Hipotecaria y el caso de *Ge-*

*rena* v. *El Registrador de Humacao,* 26 D.P.R. 87, no tiene
aplicación.

El recurrente trató de descansar en parte su razonamiento en el certificado del Tesorero, en el párrafo 5 del artículo 102 de la Ley de Evidencia (Comp. sec. 1470) y en la Ley de 1907, (Comp. sec. 3013).

En lo que respecta a la certificación del Tesorero ésta no aumenta certeza a la validez o suficiencia de la venta. Meramente certifica sobre la condición de la inscripción.

El artículo 102 de la Ley de Evidencia, apartado 15, el cual presume que los deberes de un cargo han sido cumplidos con regularidad no puede corregir una descripción defectuosa, ni en general agregar un verdadero eslabón a la cadena del título. Este precepto de la Ley de Evidencia tiene una aplicación limitada que no discutiremos ahora, pero la Ley de Evidencia fué ideada principalmente para la celebración de los juicios. El artículo 102 empieza diciendo que una presunción como ésta es disputable. Cuando una persona está inscribiendo un título posesorio o aún uno de dominio, la inscripción se hace con las limitaciones que son inherentes a dicho título. Cuando se inscribe una propiedad a nombre del marido o de la mujer, se presume que es ganancial y todo el mundo está obligado a saberlo. Cuando, sin embargo, una persona quiere inscribir un título perfecto, su inscripción debe denotar certeza. Las presunciones, por tanto, con tal fin generalmente no proceden.

La duda principal que hemos tenido, sin embargo, es por razón de la Ley de marzo 14, 1907, p. 342 (Comp. sec. 3013). Esta prescribe lo siguiente:

"Si el derecho de redención que más adelante se dispone no se ejercita dentro del tiempo prescrito, dicho certificado, una vez inscrito en el Registro de la Propiedad del distrito donde radique dicha propiedad, constituirá título absoluto de dicha propiedad a favor de dicho comprador, libre de toda hipoteca, carga o cualquier otro gravamen. Dicho certificado será evidencia prima facie de los

hechos relatados en ·el mismo en cualquier controversia, procedimiento o pleito, que envuelva o concierna a los derechos del comprador, sus herederos o cesionarios, a la propiedad traspasada en virtud del mismo; y el comprador, sus herederos o cesionarios, pueden, al recibo de dicho certificado, hacer que sea debidamente inscrito por el Registrador de la Propiedad del distrito en que radicare dicha propiedad, mediante el pago de dos dollars como honorarios.''

¿Fué la intención de la Legislatura que cada venta por falta de pago de las contribuciones debía ser inscrita independientemente de las disposiciones de la Ley Hipotecaria y sin tener en cuenta la anterior inscripción de la finca vendida por contribuciones? La misma Ley Hipotecaria prescribe que sus disposiciones no serán ·derogadas por inferencia. Es cierto que con respecto a embargos hemos declarado en el caso de *Sobrinos de Villamil* v. *El Registrador de San Juan, Sección 2ª,* 32 D.P.R. 545, que la Legislatura en vista del lenguaje usado tuvo ciertamente la intención de que se hiciera tal inscripción especial. · Los registradores de la propiedad han estado inconformes con esta decisión, y no deben hacerse excepciones excepto en casos claros. Nos sentimos obligados a interpretar la ley en el sentido de que la Legislatura tuvo en cuenta la propiedad que ya estaba inscrita en el registro y que la palabra ''debidamente'' indicaba esa intención. Resolver otra cosa es permitir que la inscripción· de una descripción de propiedad suficiente para identificarla, hecha por un tasador, encuentre sitio en el registro·y dé· lugar a pleitos al verdadero dueño que puede haber pagado sus contribuciones sobre la propiedad como fué inscrita. Este es sólo uno de los muchos inconvenientes y posibles fraudes a que pudiera dar lugar una decisión distinta. La idea de la Ley Hipotecaria es proteger a terceros y la interpretación casi universal dada a las ventas por falta de pago de contribuciones es que deben ajustarse a la Ley Hipotecaria para obtener una inscripción.

*Debe confirmarse la nota del registrador.*