Juan E. Pérez, recurrente, *v.* El Registrador de la Propiedad de Aguadilla, recurrido.

Núm. 1071.—*Sometido:* Junio 15, 1940. *Resuelto:* Julio 18, 1940.

*Luis Ríos Algarín,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Salvador Lecároz Inciburu es dueño de una finca en Lares que se halla debidamente inscrita en el Registro de la Propiedad de Aguadilla. Allí aparece que él es viudo. La finca fué vendida en cobro de contribuciones y Juan E. Pérez, el recurrente, la adquirió. Éste presentó para su inscripción el certificado de compra y dicha inscripción fué denegada conforme se desprende de la siguiente nota:

"Denegada la inscripción de este documento porque apareciendo del Registro la finca inscrita a nombre de don Salvador Lecároz Inciburu, viudo, el procedimiento se sigue contra don Salvador Lecároz, sin que se expresen sus circunstancias personales, no siendo por tanto, la identificación satisfactoria, tomando en su lugar anotación preventiva por 120 días a favor del adquirente D. Juan E. Pérez."

Pérez recurre y sostiene que el certificado contiene todos los datos necesarios, de conformidad con el artículo 347 del

Código Político. Puede asumirse que el certificado es correcto en cuanto a su forma.

■ También indica el recurrente que existe bastante identificación, toda vez que la propiedad fué embargada como perteneciente a Salvador Lecároz.

Sin embargo, el hecho de que se hubiera anotado un embargo con anterioridad a la subasta para el cobro de las contribuciones no impide que el registrador se niegue a inscribir un certificado de venta defectuoso. *Dieppa* v. *Registrador,* 33 D.P.R. 880.

■ El recurrente cita a Morell para demostrar que sólo se necesita copiar el nombre y el apellido de una parte en la escritura. El registrador contesta que Morell escribió un comentario a la Ley Hipotecaria de 1880 y que no debe utilizársele para interpretar un estatuto de 1902; y que cuando se trata de una escritura el registrador descansa en el conocimiento que de las partes tiene el notario.

El recurrente también sostiene que si el nombre no está completo, ello sería un defecto subsanable, y que por ende la inscripción debe efectuarse sujeta a tal defecto, mas no denegada de plano. El registrador replica que su negativa no se debe a que el nombre sea insuficiente, sino a que no existe seguridad alguna de que el verdadero dueño fuera citado ni de que Salvador Lecároz, de dirección desconocida, sea el mismo Salvador Lecároz Inciburu, viudo, y cuya residencia, según la ley, aparece de la inscripción. Nada hay en el récord que establezca la residencia de Lecároz y la aserción contenida en el alegato del registrador al efecto de que Lecároz Inciburu es vecino de Lares, P. R., debe ser ignorada. Mas como de los autos nada hay que demuestre lo contrario, podría presumirse que el asiento a virtud del cual se inscribió el derecho de Lecároz Inciburu es completo y que en su consecuencia la dirección de él aparece del mismo, conforme exige la Ley Hipotecaria.

Sea ello como fuere, el registrador se negó a inscribir, no porque el nombre fuera insuficiente, sino porque tenía dudas

en torno a si Lecároz y Lecároz Inciburu eran exactamente la misma persona.

En el caso de *Díaz* v. *Registrador de la Propiedad,* 16 D.P.R. 275, 276, este tribunal dijo:

"Nosotros opinamos que el Registrador debe negar la inscripción, no sólo cuando tiene certeza plena de que el derecho que se trata de inscribir lo está ya a nombre de persona distinta de la que otorga la trasmisión, sino cuando tiene duda razonable y fundada de ello. (Véase el art. 20 de la Ley Hipotecaria, el caso de *Morales* v. *El Registrador de San Juan,* 15 D.P.R. 699 decidido el 19 de noviembre de 1909, y los en él citados.)

"Sería necesario demostrar que la duda del registrador carecía de fundamento, para que nosotros pudiéramos revocar su nota y ordenar la inscripción solicitada..."

Y en el de *Chardón* v. *Registrador de Ponce,* 28 D.P.R. 991 este tribunal manifestó (copiando del sumario):

"Para que sea inscribible en el registro de la propiedad el título del comprador de una finca vendida por un colector de rentas internas en subasta para pago de contribuciones, es requisito indispensable que el certificado de venta contenga claramente el nombre del verdadero dueño de la finca embargada y vendida. Sancionar el traspaso de títulos por virtud de manifestaciones vagas o sujetas a conjeturas constituiría una seria amenaza a los derechos de los propietarios."

Y la opinión concluye con las siguientes palabras:

"No conocemos ninguna ley que autorice la venta de la propiedad de un ciudadano por contribuciones morosas de otro, y algo más que esto debe aparecer claramente de la faz del certificado de compra y no quedar sujeto a mera inferencia o a una conclusión a la que ha de llegarse mediante una interpretación liberal de una referencia dudosa, por no decir sin significado, a alguna supuesta o presunta relación entre el dueño de la propiedad vendida con derecho inscrito y el contribuyente moroso a cuyo nombre figuraba en los libros, registro, minutas, u otros informes sin especificar del Departamento del Tesoro."

Un caso muy similar al presente lo es el de *Dieppa* v. *Registrador de la Propiedad,* 33 D.P.R. 880. Dicho caso fué un recurso gubernativo interpuesto contra una nota del Registrador de la Propiedad de Aguadilla, que en parte dice:

"Denegada la inscripción del precedente documento que es el certificado de venta Núm. 713–1338, expedido por el Colector de Rentas Internas de San Sebastián, a don José Dieppa y Pérez, con vista de otros documentos, al folio 157 vuelto del tomo 33 de San Sebastián, finca número 1856, anotación letra 'A,' y tomada en su lugar anotación preventiva de dicha denegatoria, a favor de don José Dieppa y Pérez, porque la finca de doce y media cuerdas con casa a que dicho documento se refiere, aparece como compuesta de trece cuerdas más o menos, a favor de Eusebio Práxedes Serrano y Serrano; porque del certificado de venta se deduce que el procedimiento iniciado para pago de contribuciones, recargos y costas, lo fué y se siguió contra la Sucesión de Práxedes Serrano, sin que pueda determinarse que éste sea el mismo Eusebio Práxedes Serrano a cuyo favor aparece la finca;... y por el fundamento, además, de no estar previamente inscrita esta finca a nombre de la Sucesión trasmitente..."

Este tribunal dijo:

"El recurrente deja enteramente de apreciar el punto del Registrador al decir éste que la supuesta finca estaba inscrita a nombre de Eusebio Práxedes Serrano y Serrano. De ahí que una descripción con los nombres Práxedes Serrano era insuficiente. El registrador al hablar de esto no insistía en que la finca no aparecía a nombre de la sucesión de Práxedes Serrano.

"Asimismo tuvo razón el registrador al insistir en que la finca debía aparecer inscrita a nombre de la Sucesión si una venta contra tal Sucesión se había efectuado. Véase el caso de *Rodríguez* v. *El Registrador de Arecibo* (pág. 823)."

Conforme dice el registrador en su alegato en este recurso,

"Éste es un procedimiento serio, grave, incoado por el Gobierno contra un ciudadano *in absentia* que puede culminar, como en este caso, en la privación absoluta de su propiedad.

"Y el deber del Registrador de proteger, tanto los intereses del Gobierno como los intereses de particulares, le impone la obligación de calificar un expediente de esta naturaleza con la mayor severidad, con la mayor restricción, a fin de asegurarse, fuera de toda preocupación e inquietud mental, que se ha seguido contra este hombre en este caso el debido proceso de ley que ordena la Constitución de los Estados Unidos."

*Debe confirmarse la nota recurrida.*

El Juez Asociado Sr. De Jesús no intervino.