Felipe Soto, recurrente, *v.* El Registrador de la Propiedad de Ponce, recurrido.

Núm. 1072.—*Sometido:* Octubre 21, 1940. *Resuelto:* Febrero 7, 1941.

*Angel Rivera Colón,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Travieso, emitió la opinión del tribunal.

El recurrente presentó para su inscripción en el Registro de la Propiedad de Ponce un certificado de compra de bienes inmuebles expedido por el Colector de Rentas Internas de Orocovis, por el cual se adjudicó a dicho recurrente una finca rústica perteneciente al contribuyente Ceferino Rosario. La nota denegatoria del registrador, contra la cual se ha establecido este recurso, lee así:

"Denegada la inscripción de este documento y extendida la correspondiente anotación por ciento veinte días a favor de Felipe Soto al folio 73 vuelto del tomo 42 de Barros, finca número 2105, anotación letra A, por los motivos siguientes: (1) que no ha sido parte en el procedimiento el dueño de la finca según aparece identificado en su inscripción primera (citada en este documento) o sea Ceferino Rosario, viudo, agricultor, mayor de edad y vecino de Ciales; (2) que en el caso de haber fallecido el mencionado Ceferino Rosario, sus herederos no han sido parte en el procedimiento ni tienen inscrita a su favor la finca vendida y (3) que esta venta no ha sido notificada

en debida forma a los efectos de los artículos 347 y 348 del Código Político. La finca no tiene cargas. La antedicha anotación se practicó con el defecto subsanable de no expresarse en el documento la equivalenc'a de la finca al sistema métrico decimal.''

En el certificado en cuestión se hace constar que el expediente de apremio fué seguido por el Departamento dé Hacienda contra el contribuyente Ceferino Rosario "cuyas circunstancias personales y paradero se ignoran''; que de acuerdo con lo dispuesto en el artículo 339 del Código Político se solicitó autorización para embargar y se embargaron bienes inmuebles del referido Ceferino Rosario, anotándose el embargo en el Registro de Ponce; que después de haberse anotado el embargo, se dictó notificación de embargo de una finca rústica de 17.50 cuerdas perteneciente al contribuyente Ceferino Rosario; que dicho embargo fué notificado a Rafael Arroyo *como familiar mayor de edad,* mediante la entrega de una copia de la notificación de embargo, a tenor de lo dispuesto en los artículos 336 y 342 del Código Político; que se publicaron edictos en el periódico *"El Mundo"*, de San Juan, durante tres semanas consecutivas, a razón de dos publicaciones por semana y también se fijaron edictos anunciando la venta en pública subasta; y que según lo dispone el artículo 315 del Código Político se notificó de la venta "a Ceferino Rosario o a sus herederos o cesionarios desconocidos por medio de edictos publicados en *'El Imparcial'*, de San Juan, durante los días 14, 15, 16, 17, 18 y 20 de marzo de 1939.''

Del Registro de la Propiedad aparece que el dueño de la finca vendida por el colector y adjudicada al recurrente es ''Ceferino Rosario, mayor de edad, viudo, agricultor y vecino de Ciales.''

Sostiene el recurrente que el colector cumplió con todas las formalidades prescritas en el Código Político; que se trata de una herencia yacente, sin que aparezca que haya sido aceptada o renunciada expresamente, en cuyo caso se supone existente la personalidad del finado y debe considerarse como

verificada por él mismo la venta de la finca; que en casos de herencias yacentes no es necesario hacer parte en el procedimiento a los herederos, por ser éstos ignorados, ni tampoco puede exigirse la previa inscripción a nombre de los herederos; y que la notificación de la venta, hecha por medio de edictos, "a Ceferino Rosario o a sus herederos o cesionarios desconocidos" cumplió estrictamente con lo prescrito en el artículo 315 del Código Político, por no existir, según el registro, persona alguna con hipoteca o gravamen sobre la propiedad.

El recurrido cita en su alegato varios casos en que el mismo registrador recurrido denegó la inscripción de certificados de ventas, en los cuales el colector hacía constar que ignoraba las circunstancias personales y el paradero del contribuyente moroso, no obstante aparecer consignados en el registro dichas circunstancias y la dirección o residencia del contribuyente.

La primera cuestión que debemos considerar y resolver es la siguiente: ¿Está el registrador obligado a aceptar como válida y concluyente la manifestación del colector, al efecto de que ignora las circunstancias personales y el paradero del contribuyente, cuando en los libros del registro a su cargo, constan los datos que el colector alega no conocer? En el caso de autos la finca radica en el término de Barros, hoy Orocovis, y se halla inscrita, en virtud de información de dominio, desde junio 17, 1929, a nombre de Ceferino Rosario, viudo, agricultor, mayor de edad y vecino de Ciales.

El Departamento de Hacienda no puede alegar ignorancia de las constancias del registro de la propiedad referentes a las fincas embargadas y ofrecidas en venta pública por falta de pago de contribuciones. Ni el colector ni el Departamento de Hacienda están autorizados para considerar como ausente en ignorado paradero al dueño de un inmueble embargado y ofrecido en venta para cobro de contribuciones por el mero hecho de que el contribuyente moroso esté avecindado en un lugar distinto de aquel en que radique la finca. Opi-

namos que en ausencia de hechos que demuestren que el colector practicó gestiones para encontrar al contribuyente en la dirección consignada en el registro y que dichas gestiones resultaron infructuosas, el registrador no debe ni puede aceptar como válida y concluyente la manifestación del colector al efecto de que ignora el paradero del contribuyente. Véase: *Pérez* v. *Registrador,* 57 D.P.R. 326.

La segunda cuestión que se plantea en la nota del registrador es que en el caso de que Ceferino Rosario haya fallecido, sus herederos no han sido parte en el procedimiento ni tienen inscrita a su favor la finca vendida.

El recurrente alega que "del certificado aparece claramente que el Departamento de Hacienda ignoraba el paradero de Ceferino Rosario, y además sus herederos o cesionarios desconocidos. En otras palabras, aparece claro como la luz meridiana que se trata de un caso de herencia yacente. *Figueroa* v. *Registrador,* 18 D.P.R. 260."

Ni del registro, ni de los documentos, aparece que Ceferino Rosario haya fallecido. El registrador en su alegato hace constar que después de denegar la inscripción del certificado se enteró de la muerte de Ceferino Rosario, pero el tribunal está limitado a la nota del registrador y no puede tomar en consideración ese hecho que aparece por primera vez en el alegato. *Pérez* v. *Registrador,* 57 D.P.R. 326; *Rivera* v. *Registrador,* 55 D.P.R. 104. No aparece que se haya demostrado al registrador con documentos oficiales, que Rosario haya fallecido. En tales condiciones no puede concluirse que haya una herencia, yacente o no yacente. La inclusión de la frase "herederos o cesionarios" en la nota se debe probablemente a que la misma aparece en el certificado. El caso de *Figueroa* v. *Registrador,* supra, es fácilmente distinguible. Allí no se trataba de subasta por contribuciones, sino de una demanda en corte, un procedimiento ordinario, y se llevaron al registro todos los documentos necesarios para acreditar que había una herencia, y declaratoria de herederos, etc.

■ Con respecto a la no inclusión de los herederos en el procedimiento, son aplicables los razonamientos expuestos con respecto al primer fundamento.

La tercera cuestión levantada es consecuencia de las anteriores. Si el procedimiento no se siguió correctamente contra Ceferio Rosario, tampoco se le notificó correctamente el resultado del mismo.

*Por las razones expuestas debe declararse sin lugar el recurso y confirmarse la nota recurrida.*