NARCISO REY, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE UTUADO, recurrido.

Núm. 1173.—*Sometido:* Noviembre 5, 1945. *Resuelto:* Febrero 28, 1946.

C. *Domínguez Rubio*, abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El Colector de Rentas Internas embargó una finca perteneciente a Heraclio Rivera González en cobro de contribuciones adeudadas. Luego de publicarse los anuncios, la finca fué adquirida en pública subasta por Narciso Rey por el montante de las contribuciones adeudadas. Indicando que el Registro decía que Rivera era casado pero que no expresaba el nombre de la esposa, el Registrador se negó a inscribir el certificado de compra por el fundamento de que la esposa de Rivera había sido privada de su derecho a ser notificada del embargo y de la venta. El caso se encuentra ante nos mediante recurso gubernativo instado contra la decisión del Registrador.

Los artículos 339, 340 y 342 del Código Político describen el procedimiento a seguir para el embargo y venta de bienes inmuebles por contribuciones adeudadas. El artículo 342 dispone que la notificación se hará por publicación y también según lo provee el artículo 336 que expresa que la notificación se hará "haciendo la entrega de una copia de la notificación (¹) a algún miembro de la familia, o dependiente mayor de edad; una constancia de dicha entrega se registrará por el colector o agente para ulterior efecto.

(¹) Si bien en la Compilación de los Estatutos Revisados y Códigos de Puerto Rico (ed. 1941) no se llama la atención a la omisión que hubo en la traducción española del art. 336 del Código Político, en la edición de esa misma obra de 1911 aparece una nota en relación con dicho artículo que dice así: "El texto inglés añade aquí las palabras: 'with the debtor himself or' (al deudor mismo o) las cuales fueron traducidas al español en la ley original pero, debido tal vez a una inadvertencia, no se insertaron al imprimirse dicha ley."

Cuando el colector ó agente no encuentren a ningún miembro de la familia o dependiente del deudor, llamará a dos vecinos como testigos de la entrega de dicha notificación de embargo, y dejará dicha notificación en poder de los testigos citados, y si no se encontrasen vecinos dispuestos a hacerse cargo de la notificación, se fijará o pegará ésta en los efectos, muebles u otra propiedad de dicho deudor, después de lo cual dicha notificación de embargo se considerará como entregada al deudor.''

El certificado de compra dice que la notificación fué hecha ''a Natalio Rivera, como familiar mayor de edad, mediante la entrega de una copia de la notificación de embargo.'' El Registrador no arguye que del Registro surgía el paradero de Rivera o de su esposa. Por tanto el caso es distinguible en sus hechos del de *Soto* v. *Registrador,* 58 D.P.R. 15. Sin embargo, para evitar cualquier posible duda, hacemos constar que el caso de *Soto* no debe interpretarse como que exige del Colector que haga más de un esfuerzo para encontrar al contribuyente en su residencia con el fin de notificarle. Si el Colector no encuentra al contribuyente en su residencia, de acuerdo con el artículo 336 la notificación puede dejarse con un miembro de la familia mayor de edad, como se hizo en este caso. La notificación hecha en este caso por tanto constituye notificación tanto a Rivera como a su esposa, de conformidad con el artículo 336.

El Registrador también hizo constar como defecto subsanable que en el certificado no se expresa de quién era familia Natalio Rivera. No estamos conformes con este criterio. Al decir que la notificación se había hecho a un familiar, el certificado obviamente se refería a un familiar del contribuyente moroso.

*Se ordenará al Registrador que inscriba el certificado de compra con el defecto subsanable de no consignarse en el mismo las medidas de la finca de acuerdo con el sistema métrico decimal.*